# Exhibit 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENERGY POLICY ADVOCATES          )
                                 )
        Plaintiff,               )
                                 )
        v.                       )          Civil Action No. 19-3307 (TNM)
                                 )
U.S. DEPARTMENT OF STATE,        )
                                 )
        Defendant.               )
                                 )
                                 )

## SECOND DECLARATION OF SUSAN C. WEETMAN

Pursuant to 28 U.S.C. § 1746, I, Susan C. Weetman, declare and state as follows:

1.      I am the Deputy Director of the Office of Information Programs and Services ("IPS") of the United States Department of State (the "Department" or "State"), a position in which I have served since August 4, 2019.  I am the Department official immediately responsible to responding to requests for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; the Privacy Act of 1974, 5 U.S.C. § 552a; and other applicable records access provisions. Prior to serving in this capacity, I served as the Chief of the Programs and Policies Division of IPS, beginning on May 15, 2016, and prior to that, I was the Branch Chief for Litigation and Appeals within the Programs and Policies Division of IPS, beginning on March 10, 2013.

2.      I make the following statements based upon my personal knowledge, which in turn is based upon information furnished to me in the course of my official duties.  I am familiar with the efforts of Department personnel to process the FOIA request that is the subject of this litigation, and I am in charge of coordinating the agency's search and recovery efforts with respect to that request.

3.     This declaration explains with more precision the specific privileges relied upon by the Department in its application of Exemption 5 to the documents identified by Plaintiff to be challenged.

4.     The Department's initial *Vaughn* Index addressed a total of three documents with contested withholdings wherein the Department invoked the deliberative process privilege to protect all of the contested withholdings under Exemption 5 and asserted the attorney-client privilege over a subset of the contested withholdings.  See *Energy Policy Advocates v. State*, 19cv3307 Dkt No 47-1.

5.     The supplemental *Vaughn* Index that accompanies this Declaration (Ex. 1), describes in greater detail the subset of contested withholdings over which the Department claimed both attorney-client privilege and deliberative process privilege.

6.     The supplemental *Vaughn* Index addresses a total of three documents with contested withholdings.  All the documents with contested withholdings were released in part after a line-by-line review.  I have reviewed the information withheld pursuant to these exemptions to ensure that all reasonably segregable information in the documents was released in accordance with the requirements of FOIA.

## FOIA EXEMPTIONS CLAIMED

### *FOIA Exemption 5 – Privileged Information*

7.     Exemption 5, 5 U.S.C. § 552(b)(5), protects inter or intra-agency communications and materials that are normally considered privileged in the civil discovery context, including information that is protected by the deliberative process and attorney-client privileges.

*Deliberative Process Privilege*

8.      As detailed in the attached supplemental *Vaughn* Index, Ex. 1, the Department has

asserted the deliberative process privilege over all the contested Exemption 5 withholdings that

remain in dispute between the parties.

*Attorney Client Privilege*

9.      As detailed in the attached supplemental *Vaughn* Index, Ex. 1, each of the documents

with contested Exemption 5 withholdings include information that is protected not just by the

deliberative process privilege, but also by the attorney-client privilege.[1]

10.     The Department has asserted the attorney-client privilege over a portion of an action

memorandum to the Secretary of State seeking authorization to join the Paris Climate Agreement

on behalf of the United States under FOIA Exemption 5, *see* Supplementary *Vaughn* Doc. No. 1.

In particular, the Exemption 5 withholding on page two of the action memorandum was made

pursuant to the attorney-client privilege.

11.     The Department has also asserted the attorney-client privilege over portions of an

attachment to the action memorandum, titled "Background Information", *see* Supplementary

*Vaughn* Doc. No. 2. In particular, the following Exemption 5 withholdings within this document

were also made pursuant to the attorney-client privilege: 1) the withholding at the bottom of page

two through the top of page five under the heading, "The Paris Agreement"; 2) the withholding on

page five under the heading "Status of Language Conformation Process"; 3) the withholding on

---

[1]     As noted above, all of the Department's attorney-client privilege withholdings overlap with
deliberative process privilege withholdings (*i.e.*, the Department also invoked the deliberative
process privilege over all of the withholdings to which the attorney-client privilege applies).
Therefore, if the Court affirms all the Department's deliberative process privilege withholdings, it
need not address the Department's attorney-client privilege withholdings in order to affirm the
Department's approach to the contested withholdings.

*EPA v. Dep't of State*
No. 19-cv-3307
Second Weetman Declaration

page six under the heading "Environmental Documentation"; 4) the withholding on page six under the heading "Budgetary Implications"; the withholding on page six into page seven under the heading "Significant Regulatory Action"; and 5) the withholding on page seven under the heading "Reporting and Publication".

12. The Department has asserted the attorney-client privilege over the entirety of its FOIA Exemption 5 withholdings in the draft talking points titled "Points on U.S. Domestic Approval Procedures for Becoming a Party to the Paris Agreement", *see* Supplementary *Vaughn* Doc. No. 3. These draft talking points were prepared by State Department attorney Susan Biniaz at the request of officials from the National Security Council.

## CONCLUSION

13. In summary, the withholdings identified by Plaintiff to be challenged are properly withheld under FOIA Exemption 5, 5 U.S.C. § 552(b)(5).

\*     \*     \*

- 4 -

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 23ʳᵈ day of May 2023, in Charleston, South Carolina.

SUSAN C. WEETMAN
Deputy Director
Office of Information Programs and Services
U.S. Department of State

- 5 -